WM. DEWS v. P. OLWILL, Executor, etc., et al.

1. TRUST ASSIGNMENT. *Attachment. Priority of creditors. Under the attachment over the beneficiaries.* Where an assignment in trust of a chose in action was made for the benefit of a creditor, who does not appear to have accepted the trust, or even knew of its acceptance until two years after the chose in action had been attached by other creditors, it was held, that the right of the attaching creditors was superior; the Court expressly confining its opinion to this precise state of facts.

Cases cited: Mill v. Haines, 3 Head, 335; Green v. Demoss,, 10 Hum, 371; Furman v. Fisher, 4 Cold., 626; Breedlove v. Stump, 3 Yerg.. 257; Fields v. Arrowsmith, 3 Hum., 442; Sanders v. Harris, 1 Head, 185; Furguson v. McDonald, 2 Heisk., 404; Swann v. Jarking, 7 Heisk., 612; Burrell on Assignments, 330.

2. SAME. *Notice. Registration.* The deed operating merely as an equitable assignment of a chose in action, which was not perfected by the delivery of any negotiable or assignable paper to the trustees, in order to perfect the right as against other creditors, notice of the assignment must be given to the debtor. Choses in action of this character are not within the registration laws, so as to make the registration notice.

Cases cited: Clodfelter v. Cox, 1 Sneed, 330; Allen v. Bain, 2 Head, 108; Kelly v. Thompson. 1 Heisk., 278.

3. CHANCERY COURT. *Clerk and Master. Fund in Court.* Where a bill seeks to attach a fund already in the hands of the Clerk and Master, the allegations of the bill, stating the facts, placed the fund under the control of the Court, so that it could not be paid out without an order, in this case. It is unnecessary for the Clerk and Master to issue process, and have it served upon himself.

FROM DAVIDSON.

Appeal from the Chancery Court. H. H. HARRISON, Chancellor.

BATE & WILLIAMS, and SMITH & BAXTER for Dews.

W. G. BRIEN and A. G. MERRITT for Olwill.

MCFARLAND, J., delivered the opinion of the Court.

The complainant in this bill alleges that he was the creditor to the amount of about $7,500 of a firm previously engaged in the coal trade at Nashville, under the style of George R. Sampson & Co., composed of Sampson, Philip Doyle and George H. Holden, that he had brought suit on his demand in the Circuit Court, but the cause had not been tried. The bill further alleges that Doyle had filed his attachment bill in Chancery at Nashville, against his former partners, Sampson and Holden, to whom he had sold out, and had attached the coal formerly belonging to the firm for the satisfaction of an indebtedness due him from said Sampson and Holden; that under the order of the Court one Stuart had been appointed receiver, and had paid about $7,000 of the proceeds of the coal into the hands of the Clerk and Master. The bill prayed for an attachment to attach the funds in the hands of the Clerk and Master for the satisfaction of his debt, upon the ground that Doyle, Sampson and Holden were non-residents. The bill was filed July 26, 1867. At the May Term, 1868, the death of Doyle was suggested and admitted, and by consent of his executor the cause was revived against him. The executor then moved the Court to

28—vol. 3.

dismiss the bill for want of equity, which was refused, but leave given to plead answer or demur within a given time. He subsequently filed a plea in abatement, which was, on motion, stricken out, because not filed within the time given, and the bill then taken for confessed as to him. No defence was ever made by Sampson or Holden.

On the 29th of May, 1869, Mary Doyle, the widow of Philip Doyle, presented her petition and asked to be made a party, which was done. She filed an answer which she asked to be taken as a cross-bill, but it can only be regarded as an answer, as no steps were ever taken to prosecute a cross-bill. The substance of the statements of this answer is, that said Mary had a separate estate settled upon her by the will of her brother; that some years ago, by a proceeding in one of the Courts in Kentucky, where the party resided, the former trustee was removed and Philip Doyle, her husband, was appointed in his stead; and that he received of the trust fund between five and six thousand dollars which he had never accounted for; that on the 19th of March, 1867, before the original bill was filed, Philip Doyle made a deed of trust assigning to A. G. Merritt his claims upon Holden and Sampson, upon which his bill was then pending against them in the Chancery Court at Nashville, as before stated, in trust to collect the same, and pay $500 to W. F. Cooper, $500 to A. G. Merritt, and $5,000 with interest from 1850, to his said wife, being for the indebtedness stated. This deed was registered

soon after its execution, and before complainant's present bill was filed in the Register's office of Davidson County. Upon this ground the said Mary Doyle claims the fund in preference to the complainants. She and the executor of Philip Doyle have appealed from the Chancellor's decree which was adverse to them.

Mrs. Doyle's answer is supported by a record from Kentucky, showing the appointment of said Philip Doyle as trustee for her, and that he received of the trust fund about the amount stated. She also produces the deed of trust referred to.

Assuming for the present that under the process issued upon complainant's bill, the fund in question was properly attached upon the filing of the bill, which was nearly two years before Mrs. Doyle appeared or became a party, the question is, whose claim to the fund is superior? It is proper to state that it seems to be assumed, though not in fact appearing in this record that subsequent to the filing of complainant's bill, he had obtained a judgment at law upon his claim, and that Doyle's bill has been successfully prosecuted against Holden and Sampson, by which the fund in Court in that case was decreed to Doyle.

The first ground upon which it is maintained that Mrs. Doyle must fail, is, that she does not show, or even state in her answer that she had accepted the benefits of the deed of trust before complainant's attachment was filed, and that the trustee in fact did not accept. This presents this question: Where a deed

or assignment in trust is made for the benefit of
creditors, but the property is attached at the suit of
other creditors before the beneficiaries in the deed have
in any manner accepted its benefits, which party has
the prior lien upon the fund? Upon this question
our cases are somewhat in conflict. The question was
raised and directly decided in *Mills* v. *Haines,* 3 Head,
335, in favor of the attaching creditor, upon the theory
that the assignment operates but as a power to the
trustee, which might be revoked at any time before its
acceptance, and that the creditor has no lien until he
accepts in some manner the benefit of the trust; and if
before this another creditor fixes his lien, he thereby ac-
quires priority; such is also the doctrine of *Green* v. *De-
moss,* 10 Hum. On the other hand, a contrary doctrine
is held in *Furman & Co.* v. *Fisher,* 4 Cold.. 626. The
opinion in the latter case does not refer to the case of
*Mills* v. *Haines.* It was held in *Furman* v. *Fisher,* that
the Court would presume the acceptance in the absence
of anything to the contrary, and that the acceptance re-
lated to the date of the assignment. This is also laid
down as the rule in other cases. *Breedlove* v. *Stump,* 3
Yer., 257; *Fields* v. *Arrowsmith,* 3 Hum., 442; *Sanders*
v. *Harris,* 1 Head, 185; but as we understand, these are
not cases where there was a conflict between the beneficiaries
under the deed, and the lien of other creditors. Where
there is no such conflict, and the beneficiaries claim the
benefit of the assignment at any time before it is revoked,
an acceptance at the proper time will be presumed. In
*Mills* v. *Haines,* 3 Head, Judge McKinney, says: "It

is true that the trust being for the benefit of the cred-
itors provided for, their assent to and acceptance of the
trust may be presumed in general when the contrary
does not appear.    But this presumption alone will not
suffice in a contest as to the priority of lien between the
beneficiaries in the deed and other lien creditors."

This case was referred to as authority by Judge
Nicholson, in *Furguson* v. *McDonald*, 2 Heisk., 404,
and there is nothing in conflict with it in *Swann* v.
*Jarking*, 7 Heisk., 612.    Such seems to have been the
English rule.    On the other hand, there are authorities
to the contrary, sustaining the doctrine of the 4 Cold-
well case.    See Burrill on Assignments, p. 330.    We
have no authority settling what is necessary to constitute
an acceptance by the beneficiary so as to fix his right
against other creditors.    In the present case, however,
it is not averred that the benefit of the assignment was
ever accepted at all by Mrs. Doyle, or in fact known
to her before the filing of her answer, which was not
until near two years after the filing of the bill of com-
plainants and the levy of their attachment.    In such
cases we hold that the right of the attaching party is
superior, but express no opinion beyond this, confining
our opinion to this precise state of facts.

There is another ground upon which Mrs. Doyle
would also be postponed.    The deed operating merely
as an equitable assignment of a chose in action, which
so far as appears, was not perfected by the delivery
of any negotiable or assignable paper to the trustee,
to perfect the right as against other creditors, notice

would have to be given to the debtor of the assignment, on the principle of *Clodfelter* v. *Cox*, 1 Sneed, and other similar cases. No such notice is averred, and it is settled that choses in action of this character are not within the registration laws, so as to make the registration notice. *Allen* v. *Bain*, 2 Head, 108 ; *Kelly* v. *Thompson*, 1 Heisk., 278.

It only remains then to see whether the fund in this case was properly attached before Mrs. Doyle's claim was presented. The fund was in the hands of the Clerk and Master; it would belong either to Sampson and Holden or to Doyle; they were all indebted to the complainant upon the allegations of his bill. It was sufficient for the bill to state the facts—it was not essential that the complainant in his bill should undertake to state to which of the parties the fund in fact belonged. In either event, upon the allegations of his bill he was entitled to it. The Clerk and Master having the fund, as well as the receiver, was served with the injunction and attachment, which, as to the Clerk and Master, was probably unnecessary; for the Clerk to issue the process, and have it served upon himself could serve no good purpose. At any rate, we think this placed the fund under the control of the Court, so it could not be paid out without an order in this case, and this was the proper mode in a case of this character to impound the fund.

It is next said that there is no sufficient evidence of publication as to Sampson and Holden, and without this the attachment was not effectual—they have not

appeared. It is assumed that in the case of *Doyle* v. *Sampson and Holden,* the fund was decreed to Doyle, if so, a decree in the present case binding upon Doyle is sufficient, as we think the process of the Court impounded the money. The motion to dismiss for want of equity was not well taken, nor was the motion to discharge the attachment. This latter motion was made after an appearance and judgment *pro confesso,* and the allegations of the bill taken together charge the defendant Doyle to have been a non-resident, with sufficient distinctness. If there be any other defects they were cured as to Doyle by the appearance of his executor.

There is no evidence in this record of the amount of the complainant's demand. The decree of the Chancellor gives the amount of the judgment of the Circuit Court. There is no evidence of this in the record. If the counsel desire to contest this point it will be referred to the Clerk to report the amount, otherwise the decree below must be affirmed with costs.